STATE ex TILTON v MERRELL

Ohio Appeals, 2nd Dist, Franklin Co

No 2133.  Decided May 16, 1932

Benjamin Schwartz, Cincinnati, for plaintiff.

Gilbert Bettman, Attorney General, Columbus, and Isadore Topper, Special Counsel, for Respondent.

ALLREAD, J.

The evidence shows that the relator was appointed to the position of Superintendent of General Maintenance of Highways in Preble County, Ohio, Division No. 8, and held that position until August 14, 1929. It further appears that the relator had been previously examined and was appointed to his position under the rules and requirements of the Civil Service laws; that relator's compensation for said office was $6.00 per day.

On August 14, 1929, Roy E. Miller, Resident Division Deputy Director of Highways, recommended the transfer of Josephus H. Tilton from Superintendent of General Maintenance in Preble County to the position of Superintendent of Equipment in Division No. 8 with headquarters at the division garage at Middletown, Butler County, Ohio, effective August 18, 1929. The salary of the new position was raised to $7.00 per day, and no new examination was required.

It appears that when the latter assignment or rather change was made that the relator objected and was assured that the relator's Civil Service standing would apply to the new assignment and would continue. The relator accepted the new position and continued in the service until he was finally discharged therefrom and placed at the head of a Civil Service list for a position.

On February 9th, 1931, Mr. Reiber, an assistant to the Division Engineer of Highways came to the garage at Middletown with Mr. Wogenstahl and two other men and told the relator that he would remain in charge of said position for two weeks and then was required to turn everything over to Wogenstahl, and that Wogenstahl was to take charge of the work, and that would be all for Tilton. "On February 23, 1931, I left the garage and have not been employed in any way in the Division of Highways since." Tilton further testifies that he has not been employed in any Civil Service position or otherwise except that several months after his discharge above stated he was offered employment as Inspector in the Department of Highways at $6.00 per day.

We think it is undisputed that the relator was appointed to and held the office of Inspector of Maintenance of Highways in Preble County under the protection of the Civil Service, and that such protection continued after his appointment to the position of Inspector of Equipment at Middletown, Ohio. Whether this new appointment was a promotion or not it is not necessary to inquire. It was an advance so far as salary is concerned, and we think it is practically agreed that the new position was to be held by the relator under and by virtue of the Civil Service, but this was agreed to by both the relator and the agent of the respondent.

We think that these two positions so held by the relator were within the general Department of Highway Maintenance and that the transfer from Inspector of the Highway Department to Superintendent of Equipment could be made without another examination.

The testimony further shows that Wogenstahl occupied the position of Inspector of Equipment at the Middletown Garage and retired therefrom on leave of absence for the period of one year. At the expiration of the year Wogenstahl was not reinstated,

but some time thereafter was apopinted by the head of the Maintenance of Highways Department to his old position as Superintendent of Equipment, thereby superseding the relator.

Several claims have been made by counsel for the respondent in this case. It is claimed first that the transfer of the relator from Inspector in the Highway Department to Superintendent of Equipment at the Middletown Garage left the relator without the protection of the Civil Service. In this we think the respondent is not sustained by any proper construction of the Civil Service laws.

This transfer is in harmony with the provisions of §486-17a of the Civil Service Laws and in harmony with the decision of the Supreme Court in the case of **State ex Miller v Witter, Director of the Department of Industrial Relations, 114 Oh St, 122.**

It is also claimed on behalf of the defendant that the order changing the name of the position in which the relator was serving and the appointment of one having some special ability as a mechanic was authorized under the circumstances.

We do not doubt that the position which Tilton occupied might have been better served by the appointment of a mechanic, but we think it is clear that the Director of Highways had no right without the filing of charges to interfere with the right of the relator to hold the office. That question should have been considered by the Director of Highways at the time the relator was apopinted to the office, and he could not thereafter be subsequently deposed from the office and placed upon a general waiting list for another appointment, without written charges.

The suspension of the relator from the office in which he was then serving, without a written order of any kind, and the placing of him at the head of the Civil Service list without a position or without compensation was unlawful and is inconsistent with the Civil Service laws.

The next question is as to the time of bringing the suit, in view of the holding of our Supreme Court in the case of **State ex v Witter, 114 Oh St, 357.**

The suspension of the relator from his office was completed on February 23, 1931. This action was brought on October 1st, 1931.

This case was discussed by this court in the case of State ex Frank Bauer v Witter, Director of Agriculture. It was there held that while the delay in that case did not constitute an absolute barrier the question could be considered in considering the weight of the evidence. The delay in this case was about the same as in the case of Frank Bauer and should be similarly considered, but the delay of itself does not prevent the restoration of the relator to his office.

It is clear to our minds that the relator is entitled to an order restoring him to his former position. The compensation of said position should be fixed either at the amount as it stood at the time of his suspension or removal or at some other figure consistent with other appointments in the Civil Service of equal dignity with the position held by the relator.

HORNBECK and KUNKLE, JJ, concur.